IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN ADAMS

        Plaintiff,                            Case Number:
                                                  HON.

vs.

AUTO RAIL LOGISTICS, INC.,
   A foreign company doing business
   in Michigan, and
AUTO WAREHOUSING COMPANY,
   A foreign company doing business
   In Michigan, and
JOHN CORRIGAN,

        Defendants,
_____/

Courtney E. Morgan, Jr. (P29137)
Brian J. Nagy (P65542)
MORGAN & MEYERS, PLC
Attorneys for Plaintiffs
3200 Greenfield, Ste, 260
Dearborn, MI 48120
(313) 961-0130
(313) 961-8178 fax
cmorgan@morganmeyers.com
bnagy@morganmeyers.com
_____/

There is no other pending or resolved civil action arising out
of the transaction or occurrence alleged in the Complaint.

**COMPLAINT AND DEMAND FOR A JURY TRIAL**

NOW COMES the above named plaintiff by and through his attorneys, MORGAN & MEYERS, PLC, and for his Complaint and Demand for Jury Trial against the above named Defendants states as follows:

1. This is an action for a wrongful discharge in violation of the Family Medical Leave Act, ("FMLA") 29 USC § 2601 et seq.

2. This court has jurisdiction pursuant to 28 USC § 1331 and 29 USC § 2601 *et seq.*

3. Venue lies in the Eastern District of Michigan pursuant to 28 USC § 1391(b), as the judicial district where Defendants conduct business, and where substantial parts of the events giving rise to this cause of action occurred.

4. The amount in controversy exceeds Seventy-Five Thousand ($75,000.00) Dollars, exclusive of interest, costs and attorney fees.

5. Plaintiff is a resident of the City of Detroit, County of Wayne, State of Michigan.

6. Defendant, Auto Rail Logistics, Inc. is, and was at all times pertinent hereto, a Washington corporation doing business in the city of New Boston, county of Wayne, state of Michigan.

7. Defendant, Auto Warehousing Company is, and was at all times pertinent hereto, a Washington corporation doing business in the city of New Boston, county of Wayne, state of Michigan.

8. Defendant, John Corrigan is, and was at all times pertinent hereto, an employee of Auto Rail Logistics, Inc., and Auto Warehousing Company, doing business in the state of Michigan.

9. The acts and occurrences which form the basis of this complaint occurred within the County of Wayne, State of Michigan.

10. Plaintiff, John Adams, began working for Defendant Auto Rail Logistics, Inc., during November 2005 as a Rail Supervisor.

11. Mr. Adams' daughter, Tyler, has severe food allergies including to peanuts.

12. In August or September 2007, Plaintiff had submitted the appropriate paperwork to Defendants for intermittent FMLA Leave surrounding Tyler's possible reaction to the foods to which she is severely allergic.

13. That certification did state that Mr. Adams would be required to care for his daughter depending on when these allergic reactions occurred.

14. On or about December 10, 2007, Plaintiff had a colonoscopy.

15. Complications from the colonoscopy required Plaintiff to be hospitalized.

16. Complications from the colonoscopy required Plaintiff to miss two weeks of work, from December 11 through December 25, 2007.

17. Mr. Adams supplied, via his wife, a doctor's note to his place of employment.

18. Mr. Adams was healthy, ready and scheduled to return to work on December 26, 2007.

19. However, on or about December 25, 2007, Mr. Adams' daughter, Tyler, ingested a peanut and had a severe allergic reaction.

20. Plaintiff telephoned Defendant on the morning of December 26, 2007, to inform the company that he would be absent that day, and taking FMLA leave, in order to take care of his daughter during her illness.

21. Plaintiff was off work for eight scheduled working days due to her illness.

22. On or about January 2, 2008, Plaintiff spoke with his manager, Bob Wisler, and with Human Resources manager John Corrigan, who asked Plaintiff for medical certification of Tyler's illness.

23. Several times between December 26, 2007 and January 7, 2008, Plaintiff attempted to obtain documentation of Tyler's illness from her doctor; however, the doctor was on vacation and the office was closed.

24. Plaintiff did succeed in obtaining the additional certifications either on January 7, 2008 or January 8, 2008, and turned in the documentation to Defendants either on January 7, 2008 or January 8, 2008.

25. On January 8, 2008, Defendants terminated Plaintiff, stating that he failed to provide additional documentation of Tyler's illness, and that his absence on December 26, 2007 was unauthorized.

## COUNT I

## WRONGFUL TERMINATION
## IN VIOLATION OF 29 USC § 2615

Plaintiff hereby re-alleges and incorporates by reference, each and every paragraph above, as though fully set forth herein, and further states, in the alternative, the following:

26. Under the Family Medical Leave Act (FMLA), Mr. Adams was entitled to a total of 12 workweeks of leave during any 12 month period in order to care for a child who has a serious health condition, 29 USC § 2612(a)(1)(C).

27. Under the Act is it unlawful for an employer to interfere with,

restrain, or deny the exercise or the attempt to exercise this right, 29 USC § 2615(a)(1).

28. Mr. Adams attempted to exercise his rights under the FMLA when he took leave in order to care for his sick Daughter.

29. In violation of the FMLA, Defendants interfered with, restrained, and denied Plaintiff the exercise of these rights when they fired him before the exhaustion of his FMLA time.

30. FMLA § 825.305(b) provides that an employer must give an employee at least 15 calendar days after the employer requests additional certification, to provide it.

31. Even if the request was made on December 26, 2007, the day that Plaintiff notified his employer that his daughter was very ill, the ticking off of 15 calendar days from that date would reach to January 10, 2008. Thus, Plaintiff had through January 10, 2008 to provide this additional certification to his employer.

32. As Plaintiff provided this certification not later than January 8, 2008, his provision of it was timely.

33. Further, the FMLA provision for 15 days to provide the additional certification also states there is an exception where it is not practical under the particular circumstances to do so despite the employee's diligent good faith effort.

34. Thus, although Plaintiff was timely within the 15 days, even had he not been, he was diligent, he did act in good faith, and the closure of the doctor's

office at year-end was a particular circumstance beyond his control.

35. Defendants' termination of Mr. Adams was a willful act aimed at preventing Plaintiff from further exercise of his rights under the FMLA.

36. As a direct and proximate result of Defendants' discriminatory and illegal acts, Mr. Adams is entitled to the following damages under 29 USC § 2617, which include, but are not limited to:

> a. wages, salary, benefits and other compensation denied to the Plaintiff as a result of Defendants' violations of the act;
>
> b. actual monetary losses sustained by Plaintiff as a direct result of said violations;
>
> c. interest on said damages calculated at the prevailing rate;
>
> d. liquidated damages equal to the amount of damages plus interest described above;
>
> e. equitable relief as may be appropriate, including reinstatement and promotion; and,
>
> f. costs and reasonable attorney fees.

WHEREFORE, Plaintiff respectfully requests that judgment be rendered against the above-named Defendant in whatever amount which the trier of fact deems appropriate, together with interest, costs and attorney fees.

        Respectfully submitted,

        MORGAN & MEYERS, PLC

        ___/s/ Courtney E. Morgan___
        Courtney E. Morgan, Jr. (P29157)
        Brian J. Nagy (P65542)
        MORGAN & MEYERS, PLC
        Attorneys for Plaintiffs
        3200 Greenfield, Ste, 260
        Dearborn, MI 48120
        (313) 961-0130
        cmorgan@morganmeyers.com
        bnagy@morganmeyers.com

Dated: June 3, 2009

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN ADAMS

       Plaintiff,                        Case Number:
                                            HON.

vs.

AUTO RAIL LOGISTICS, INC.,
   A foreign company doing business
   in Michigan, and
AUTO WAREHOUSING COMPANY,
   A foreign company doing business
   In Michigan, and
JOHN CORRIGAN,

       Defendants,
_____/

Courtney E. Morgan, Jr. (P29137)
Brian J. Nagy (P65542)
MORGAN & MEYERS, PLC
Attorneys for Plaintiffs
3200 Greenfield, Ste, 260
Dearborn, MI 48120
(313) 961-0130
(313) 961-8178 fax
cmorgan@morganmeyers.com
bnagy@morganmeyers.com
_____/

## DEMAND FOR JURY TRIAL

NOW COMES Plaintiff by and through his attorneys MORGAN & MEYERS, PLC, and hereby demands a jury trial in the above cause of action.

8

Respectfully submitted,

MORGAN & MEYERS, PLC

___/s/ Courtney E. Morgan___
Courtney E. Morgan, Jr. (P29157)
Brian J. Nagy (P65542)
MORGAN & MEYERS, PLC
Attorneys for Plaintiffs
3200 Greenfield, Ste, 260
Dearborn, MI 48120
(313) 961-0130
cmorgan@morganmeyers.com
bnagy@morganmeyers.com

Dated: June 3, 2009