UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN ADAMS,

    Plaintiff,

v.                                          Case No: 09-12152

AUTO RAIL LOGISTICS, INC., and        Honorable Victoria A. Roberts
AUTO WAREHOUSING CO., and
JOHN CORRIGAN,

    Defendants.

_____/

## ORDER

This matter is before the Court on Plaintiff's Motion in Limine to Exclude Evidence Regarding Fraud as an Affirmative Defense. (Doc. 40). Plaintiff asks the Court to prohibit Defendants from introducing any evidence or argument that Plaintiff committed fraud in connection with his Family Medical Leave Act request. Plaintiff states that Defendants failed to plead fraud in their Answer and the Joint Final Pretrial Order; therefore, Plaintiff says Defendants have waived this affirmative defense.

Federal Rule of Civil Procedure 8(c) requires a defendant to state affirmative defenses in the answer to the complaint. "Generally, a failure to plead an affirmative defense, like [fraud], results in the waiver of that defense and its exclusion from the case." *Phelps v. McClellan,* 30 F.3d 658, 663 (6th Cir. 1994); *see* Fed. R. Civ. P. 8(c). "However, as a practical matter, there are numerous exceptions to this broad rule . . . ." *Phelps,* 30 F.3d at 663. "[T]he purpose of Rule 8(c) is to give the opposing party notice of the affirmative defense and a chance to rebut it." *Moore, Owen, Thomas & Co. v.*

1

*Coffey,* 992 F.2d 1439, 1445 (6th Cir. 1993). "'Thus, if a plaintiff receives notice of an affirmative defense by some means other than pleadings, the defendant's failure to comply with Rule 8(c) does not cause the plaintiff any prejudice.'" *Id.* (quoting *Grant v. Preferred Research, Inc.,* 885 F.2d 795, 797 (11th Cir. 1989)).

It is clear that Plaintiff had notice of Defendants' fraud defense well in advance of this Motion. In Defendants' Brief in Response to Plaintiff's Motion for Summary Judgment (Doc. 22) and Defendants' Motion for Summary Judgment (Doc. 19), Defendants clearly state that Plaintiff was fired for FMLA fraud.  In the Joint Final Pretrial Order, a joint fact to be litigated is, "Whether the termination letter makes absolutely no mention of suspected FMLA fraud." JFPTO at 15, ¶ FFF.  Furthermore, the Court held a hearing on the parties' motions in limine on January 21, 2011, where Defendants again stated their intention to put on a fraud defense.  Plaintiff did not object to Defendants' fraud defense at any of these junctures, and does not claim lack of notice, surprise, or prejudice in the Motion now before the Court.

The Court finds no indication that Plaintiff is unfairly prejudiced or surprised by Defendants' fraud defense; Plaintiff had notice of this defense and acquiesced to the presentation of it at trial by failing to object earlier.

The Court **DENIES** Plaintiff's Motion.

**IT IS ORDERED.**

                                                    S/Victoria A. Roberts
                                                    Victoria A. Roberts
Dated:  January 25, 2011               United States District Judge

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on January 25, 2011.

s/Carol A. Pinegar
Deputy Clerk

3